**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

L. V. ELGIN LOWMACK, JR.;
MICHELLE A. LOWMACK, Administrator
of the Estate of Mekia E. Lowmack,
<u>Plaintiffs-Appellants,</u>

v.

No. 97-1957

CENTURY PRODUCTS COMPANY,
<u>Defendant-Appellee,</u>

and

GENERAL MOTORS CORPORATION,
<u>Defendant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
William T. Prince, Magistrate Judge.
(CA-96-936-2)

Argued: January 27, 1998

Decided: March 3, 1998

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge,
and GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert John Haddad, SHUTTLEWORTH, RULOFF &
GIORDANO, Virginia Beach, Virginia, for Appellants. Lynne Jones
Blain, MORRIS & MORRIS, Richmond, Virginia, for Appellee. **ON
BRIEF:** Michelle P. Wiltshire, MORRIS & MORRIS, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiffs-appellants L. V. Elgin Lowmack, Jr., and Michelle A. Lowmack were involved in a serious automobile accident, in which their 22-month-old daughter Mekia was killed. The Lowmacks subsequently sued Century Products Company, the manufacturer of Mekia's car seat, for the wrongful death of their daughter.[1]

The Lowmacks alleged that during the course of the accident, the car seat in which Mekia was strapped came loose; that, as a result, the infant was tossed around the car, while still strapped to the car seat; and that, as a result, the infant's neck was broken, which caused her death. The Lowmacks also alleged that the car seat came loose because it was negligently and defectively designed, and that the alleged design defects proximately caused their daughter's death.

Century moved for summary judgment, challenging, <u>inter alia</u>, the sufficiency of the Lowmacks' evidence that the alleged defect proximately caused Mekia's death. Century's argument was, in essence, that even if the car seat was defective and, as a result, came loose during the accident, the Lowmacks had failed to introduce evidence that Mekia would have survived the accident had the car seat not come loose.

In opposing Century's motion for summary judgment, the Lowmacks explicitly did not contend that their evidence was "sufficient to prove that Mekia's death was proximately caused by the defective car seat under the ordinary definition of proximate cause," J.A. at 593; in particular, the Lowmacks conceded that they could not establish that the defect was "a cause without which the accident, injury,

_____

**1** The Lowmack's brought a similar claim against General Motors Corporation, the manufacturer of the automobile they were driving at the time of the accident, but that claim has been settled, and is otherwise irrelevant here.

2

or damage would not have occurred," id. (citing Blondel v. Hays, 403 S.E.2d 340, 343 (Va. 1991)). Rather, the Lowmacks relied for their showing of proximate causation on certain evidence tending to establish that the defective car seat caused "a significant loss of a chance of survival." J.A. at 593. The Lowmacks argued, on the authority of several Virginia medical-malpractice decisions, that evidence of this sort could be substituted for evidence of but-for causation to satisfy their burden of establishing proximate cause. See, e.g., Griffett v. Ryan, 443 S.E.2d 149, 152 (Va. 1994); Brown v. Koulizakis, 331 S.E.2d 440, 446 (Va. 1985); Whitfield v. Whittaker Memorial Hospital, 169 S.E.2d 563, 568-69 (Va. 1969).

The district court granted summary judgment for Century, finding that while the Virginia courts had relaxed the traditional standards for establishing proximate causation in the medical-malpractice context, they had never done so in any other area of tort law, and that the language of the malpractice cases suggested they were unlikely to do so. The Lowmacks then brought this timely appeal.

Having carefully examined the opinion of the district court, the relevant Virginia cases, and the briefs, and having had the benefit of oral argument, we are of the opinion that the district court correctly determined that the Virginia courts would not relax the ordinary requirements of proximate causation outside the medical malpractice context. We therefore affirm on the reasoning of the district court.**2**

AFFIRMED

_____

**2** Because the theory of proximate causation on which the Lowmacks rely has never been applied outside the medical malpractice context, it is clear enough that the ordinary requirements of proximate causation -- which are clearly set forth in the Virginia cases, see, e.g., Blondel, 403 S.E.2d at 343-44 -- govern this case. Although the Lowmacks have moved that we certify to the Virginia Supreme Court the question of whether they may rely in this case upon a relaxed theory of proximate causation, we believe that granting their motion would be less a request to the Virginia Supreme Court to clarify its law than an invitation to that court to change its law. Accordingly, the motion for certification is denied.

3